UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ERICKA ZORRILLA,

    Plaintiff,
v.

PRESIDIO INTERNATIONAL, INC.,
a/k/a ARMANI EXCHANGE
and NIKEA RUSSELL, individually

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ERICKA ZORRILLA by and through the undersigned counsel, and hereby sues corporate Defendant PRESIDIO INTERNATIONAL, INC. a/k/a ARMANI EXCHANGE and NIKEA RUSSELL and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. At all times material hereto, Plaintiff ERICKA ZORRILLA (hereinafter ERICKA ZORRILLA or Plaintiff) was a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant PRESIDIO INTERNATIONAL, INC. a/k/a ARMANI EXCHANGE (hereinafter ARMANI EXCHANGE or Defendant) is a Foreign Profit Corporation, registered to do business in Florida. Defendant has several stores in Dade County, Florida,

   where Plaintiff worked for Defendant, and at all times material hereto Defendant was and is engaged in interstate commerce.

4. Individual Defendant NIKEA RUSSELL is the Store Manager of ARMANI EXCHANGE. Store Manager NIKEA RUSSELL of ARMANI EXCHANGE had operational control of the business and she is an employer within the meaning of 29 U.S.C. § 203(d)].

## ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff ERICKA ZORRILLA brings this collective action for overtime compensation and other relief under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.,* on behalf of herself and other similarly situated employees of Defendant.

6. Defendant ARMANI EXCHANGE is a nationwide high end fashion retail store with locations in the most expensive retail properties in Miami, Florida. Plaintiff worked at the store located inside the Dolphin Mall.

7. Defendant ARMANI EXCHANGE employed Plaintiff ERICKA ZORRILLA from on or about September, 2012 through July 15, 2014. Plaintiff was hired as an hourly employee. For approximately 9 weeks Plaintiff held the position of Assistant Manager who was paid for overtime hours.

8. On or about November 01, 2012 Plaintiff was named Manager. At that time there were at the store 3 additional Managers, plus two Manager Assistants. Plaintiff continued her duties exactly as she did when she was an Assistant Manager. Nothing changed except Plaintiff's job title and her form of compensation. Plaintiff was put on salary basis, and she was not allowed to punch-out anymore. Plaintiff was not paid for overtime hours any longer.

9. Plaintiff worked an average of 45 hours per week (deducting 5 lunch hours), but she was not paid for overtime hours. However, Plaintiff's primary duties were non-exempt in nature, she did not meet the requirements for any overtime exemption. Plaintiff's managerial duties were limited to open and close the store as required, and to collect and secure the cash from the cash registers at the end of her shift. Plaintiff performed general fashion retail store work, such as maintaining the store organized, receiving, arranging and stocking merchandise, working with product displays, cleaning the store, and completing many clerical tasks. Plaintiff employed 90% of her working hours doing non-exempt work. Plaintiff worked under the instructions of Store Manager NIKEA RUSSELL. Plaintiff did not have any authority or discretion to take any decision regarding the management of the business, or to hire and fire, or to determine working terms and conditions of other employees.

10. Plaintiff's schedule varied slightly, but she usually worked 5 days per week. Plaintiff had Tuesdays and Thursdays off. On Mondays Plaintiff worked from 2:00 PM to 12:00 midnight (10 hrs.); on Wednesdays Plaintiff worked from 9:00 AM to 7:00 PM (10 hrs.); on Fridays Plaintiff worked from 2:00 PM to 12:00 midnight (10 hrs.); on Saturdays Plaintiff worked from 11:00 AM to 9:00 PM (10 hrs.); and on Sundays Plaintiff worked from 8:00 AM to 6:00 PM (10 hrs.), which totaled 45 hours in a week period (deducting 5 hours of lunch-time).

11. Nevertheless, Plaintiff was paid for only 40 hours. She was not paid for overtime hours at the rate of one time and a half her regular rate as established by the Fair Labor Standards Act.

12. On or about July 15, 2014, Plaintiff was fired by District Manager Arelis Montesino due to discriminatory reasons.  Plaintiff has filed a Pregnancy Charge of Discrimination with the EEOC.

13. Plaintiff ERICKA ZORRILLA seeks to recover for unpaid overtime wages, and other relief as allowable by law.

14. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

15. Plaintiff ERICKA ZORRILLA re-adopts each and every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

16. This action is brought by Plaintiff ERICKA ZORRILLA and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

17. The employer ARMANI EXCHANGE was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1) (A).  Defendant is a retail

business that has more than two employees directly and recurrently engaged in interstate commerce. Defendant caters to customers from out of state and to customers from other Countries. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1) (A). Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

18. Plaintiff was employed by an enterprise engage in interstate commerce and through her daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate business, performing credit card transactions, handling and selling goods and materials that were moved across State lines at any time in the course of business, to mostly out of the state customers. Therefore, there is individual coverage.

19. Defendant ARMANI EXCHANGE employed Plaintiff ERICKA ZORRILLA from on or about September, 2012 through July 15, 2014, or a total of 97 weeks. Plaintiff was hired as an hourly employee. For approximately 9 weeks Plaintiff held the position of Assistant Manager and she was paid for overtime hours.

20. On or about November 01, 2012 Plaintiff was named Manager.  Plaintiff continued her duties exactly as she did when she was an Assistant Manager. Nothing changed except Plaintiff's job title and the form of compensation.  Plaintiff was put on salary basis, and she was not allowed to punch-out anymore. Plaintiff was not paid for overtime hours any longer. Plaintiff was paid $941.00 weekly or $23.54 an hour.

21. While employed by Defendant ARMANI EXCHANGE, Plaintiff ERICKA ZORRILLA worked more than 40 (Forty) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed.  Plaintiff was employed and misclassified as a Manager performing the same or similar duties as that of those other similarly-situated employees who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

22. Plaintiff worked an average of 45 hours per week (deducting 5 lunch hours), but she was not paid for overtime hours. However, Plaintiff's primary duties were non-exempt in nature, she did not meet the requirements for any overtime exemption. Plaintiff worked under the instructions of Store Manager NIKEA RUSSELL. Plaintiff did not have any authority or discretion to hire and fire or to determine working terms and conditions of other employees.

23. Plaintiff's schedule varied slightly, but she usually worked 5 days per week.  Plaintiff had Tuesdays and Thursdays off. On Mondays Plaintiff worked from 2:00 PM to 12:00 midnight (10 hrs.); on Wednesdays Plaintiff worked from 9:00 AM to 7:00 PM (10 hrs.); on Fridays Plaintiff worked from 2:00 PM to 12:00 midnight (10 hrs.); on Saturdays Plaintiff worked from 11:00 AM to 9:00 PM (10 hrs.); and on Sundays  Plaintiff worked

from 8:00 AM to 6:00 PM (10 hrs.), which totaled 45 hours in a week period (deducting 5 hours of lunch-time).

24. Nevertheless, Plaintiff was paid for only 40 hours. She was not paid for overtime hours at the rate of one time and a half her regular rate as established by the Fair Labor Standards Act.

25. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. Nevertheless, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

26. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate. Calculations are based on 88 weeks, period that Plaintiff was classified as a Manager and was not paid O/T.

a. <u>Total amount of alleged unpaid wages</u>:

   Fifteen Thousand Five Hundred Thirty Six Dollars and 40/100 ($15,536.40)

b. <u>Calculation of such wages</u>:

   Total relevant weeks of employment:  97 weeks
   Total relevant weeks of employment:  88 weeks
   Total hours worked: 45 hours weekly
   Overtime hours:  5 hours
   Regular rate: $23.54 x 1.5 = $35.31 O/T rate

   $35.31 O/T rate x 5 O/T hours= $176.55 weekly x 88 weeks=$15,536.40

c. <u>Nature of wages (e.g. overtime or straight time)</u>:

   This amount represents the unpaid overtime.

27. At all times material hereto, the Employer/Defendant ARMANI EXCHANGE, failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

28. Defendant ARMANI EXCHANGE knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

29. At the times mentioned, individual Defendant NIKEA RUSSELL was the Store Manager of Defendant Corporation ARMANI EXCHANGE. Individual Defendant NIKEA RUSSELL had operational control the business, she determined Plaintiff's employment terms and conditions, and is jointly liable for Plaintiff's damages.  Individual Defendant NIKEA RUSSELL was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interest of Defendant ARMANI EXCHANGE in relation to the employees including Plaintiff and others similarly situated.

30. Defendants ARMANI EXCHANGE and NIKEA RUSSELL willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and

remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment, as set forth above.

31. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ERICKA ZORRILLA and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly-situated and against the Defendants ARMANI EXCHANGE and NIKEA RUSSELL on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ERICKA ZORRILLA and those similarly-situated demand trial by jury of all issues triable as of right by jury.

DATED: June 28, 2015

                                    Respectfully submitted,

                                    By:  **/s/ Zandro E. Palma**
                                    ZANDRO E. PALMA, P.A.
                                    Florida Bar No.: 0024031
                                    3100 South Dixie Highway
                                    Suite 202
                                    Miami, FL 33133
                                    Telephone: (305) 446-1500
                                    Facsimile:  (305) 446-1502
                                    zep@thepalmalawgroup.com
                                    *Attorney for Plaintiff*