# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-CV-22422-JAL

ERICKA ZORRILLA,

    Plaintiff,

v.

PRESIDIO INTERNATIONAL, INC.,
a/k/a ARMANI EXCHANGE
and NIKEA RUSSELL, individually,

    Defendants.

_____/

## SETTLEMENT AGREEMENT AND RELEASE

    Ericka Zorrilla and her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Zorrilla"), and Presidio International Inc. a/k/a Armani Exchange ("Armani Exchange") and Nekia Russell ("Russell") (collectively, "Defendants"), agree that:

    WHEREAS, Zorrilla claims that she is owed unpaid overtime compensation by Armani Exchange and Russell under the Fair Labor Standards Act ("FLSA") and has filed an action in the United States District Court for the Southern District of Florida, styled Ericka Zorrilla v. Presidio International a/k/a Armani Exchange and Nikea Russell, Case No. 15-cv-22422-JAL to recover the alleged unpaid overtime wages ("the Action");

    WHEREAS, Zorrilla asserts as the basis of her claims in the Action that Armani Exchange failed to compensate her for all overtime hours worked in violation of the FLSA and that Russell is jointly liable for Zorrilla's damages;

    WHEREAS, Defendants deny that Zorrilla is entitled to any recovery under the FLSA, but has settled Zorrilla's claims to resolve the controversy between them amicably and expeditiously and avoid the costs relating to litigation of the Action;

    NOW, THEREFORE, intending to be legally bound and in consideration of the mutual covenants and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by entering into this Settlement Agreement and Release (the "Agreement"), it is hereby

STIPULATED AND AGREED by and between the Parties that Zorrilla's claims are resolved as follows:

1. **Consideration.** In consideration for signing this Agreement, and complying with its terms, Armani Exchange agrees to pay to Zorrilla **Ten Thousand Dollars ($10,000.00)**, as follows:

   a. a check payable to the order of Ericka Zorrilla in the amount of **Two Thousand Five Hundred Dollars ($2,500.00)**, less lawful deductions, representing back wages, for which a W-2 will be issued;

   b. a check payable to the order of Ericka Zorrilla in the amount of **Two Thousand Five Hundred Dollars ($2,500.00)**, representing compensatory damages, for which a Form 1099 will be provided;

   c. a check payable to the order of the Law Offices of Zandro E. Palma, P.A. (Fed. I.D. No. 26-0767561) in the amount of **Five Thousand Dollars ($5,000.00)**, representing costs and attorney's fees, for which a Form 1099 will be provided; and

The checks described above shall be delivered to the Law Offices of Zandro E. Palma, P.A. within ten (10) calendar days after all of the following have occurred: (1) counsel for Defendants receives this Agreement with Zorrilla's signature; (2) counsel for Defendants receives the Agreement and General Release executed by Zorrilla with her signature, which is incorporated herein by reference; (3) counsel for Defendants receives fully completed and signed IRS forms W-4 and W-9 from Zorrilla and a W-9 form from her counsel; (4) counsel for Defendants receives the Court's approval of this Agreement; and (5) counsel for Defendants receives the Court's order of dismissal of the Action with prejudice.

The sums detailed above are in full and final settlement and resolution of any and all wage claims which Zorrilla had, has, or may have against Defendants arising out of or in any way connected with her employment with Armani Exchange as of the date of the execution of this Agreement. Each Party shall bear her or its own fees and costs, except as provided for herein.

2. **Tax Responsibility.** Zorrilla agrees that she will be exclusively responsible for the payment of any taxes owed on any amounts paid to her under the terms of this Agreement. Defendants make no representation as to the taxability of the amounts paid to Zorrilla or her counsel. Zorrilla agrees to pay her portion of federal, state or local taxes, if any, which are required to be paid with respect to this Agreement. Moreover, Zorrilla agrees to indemnify Armani Exchange and hold it harmless from any interest, taxes, or penalties assessed against it by any governmental agency as the result of the non-payment of taxes on any amounts paid to her or her counsel under this Agreement.

3. **No Consideration Absent Execution of this Agreement.** Zorrilla understands and agrees that she would not receive the monies and/or benefits specified in paragraph "1" above, except for her execution of this Agreement and the fulfillment of the promises contained herein.

4. **Release of All Compensation-Related Claims.** Zorrilla knowingly and voluntarily releases and forever discharges Armani Exchange and its executors, administrators, successors, assigns, parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, co-employers, and its current and former employees, attorneys, officers, directors, board members, shareholders, owners and agents, both individually and in their business capacities, and its employee benefit plans and programs and its administrators and fiduciaries and Russell, her affiliates, insurers and reinsurers, successors and assigns, attorneys, and her administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Zorrilla had, has, or may have against Releasees as of the date of execution of this Agreement related to her compensation in connection with her employment with Armani Exchange including, but not limited to, any alleged violation of:

- The Fair Labor Standards Act ("FLSA");

- Breach of Contract;

- The Equal Pay Act;

- The Florida Constitution (Art. X, Section 24);

- Florida Wage Discrimination Law – Fla. Stat. § 448.07;

- Florida Equal Pay Law – Fla. Stat. § 725.07 and Fla. Stat. Ann. § 448.07;

- Florida Wage Payment Laws;

- Miami-Dade County Wage Theft Ordinance;

- any other federal, state or local law, rule, regulation, or ordinance regarding employment compensation;

- any public policy, contract, tort, or common law regarding employment compensation; and/or

- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

Nothing in this Agreement prohibits or prevents Zorrilla from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency (e.g. EEOC, NLRB, SEC, DOL, etc.), nor does anything in this Agreement preclude, prohibit, or otherwise limit, in any way, Zorrilla's rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies. However, to the maximum extent permitted by law, Zorrilla agrees that if such an administrative claim is made, she shall not be entitled to recover any individual monetary relief or other individual remedies.

If any claim is not subject to release, to the extent permitted by law, Zorrilla waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendants or any other Releasee identified in this Agreement is a party.

5. **Acknowledgments and Affirmations.** Zorrilla affirms that she has not filed, caused to be filed, and presently is not a party to any claim, complaint, or action against Releasees in any forum or form, other than this Action and the Charge of Discrimination she filed with the Equal Employment Opportunity Commission, Charge No. 510-2014-04749 and cross filed with the Florida Commission on Human Rights, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, and the Florida Civil Rights Act, based on her sex and national origin.

Zorrilla further affirms she is aware of her obligations to make any tax payments and forward payment to the Internal Revenue Service.

Zorrilla affirms that all of Releasees' decisions regarding her pay and benefits through the date of execution of this Agreement were not discriminatory based on disability, race, color, sex, religion, national origin or any other classification protected by law.

Releasees and Zorrilla affirm that there was no undue influence, overreaching, collusion or intimidation in reaching this Agreement.

6. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

7. **References.** In the event that a prospective employer requests an employment reference for Zorrilla from Armani Exchange, the Parties agree that Zorrilla will direct all request to Human Resources and Human Resources will only release Zorrilla's dates of employment and positions held, and will not disclose the existence of the underlying Action or this Settlement Agreement.

8. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of Florida without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

9. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

10. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, with regard to Zorrilla's compensation-related claims against Defendants, and fully supersedes any prior agreements or understandings between the Parties with regard to Zorrilla's employment, except the Agreement and General Release, which is incorporated herein by reference. Zorrilla acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this Agreement, except for those set forth in this Agreement.

ZORRILLA FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES WITH REGARD TO ZORRILLA'S COMPENSATION AND WAGES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

Presidio International Inc. a/k/a Armani Exchange

CASE NO. 15-CV-22422-JAL

By: _[signature]_____
Ericka Zorrilla

Date: 09-17-2015

By: _____
    Catherine Wragg
    Senior Vice President, Human Resources

Date: _____

By: _____
    Nekia Russell

Date: _____

Scanned by CamScanner

CASE NO. 15-CV-22422-JAL

By:_____
Ericka Zorrilla

By: *[signature]*
Catherine Wragg
Senior Vice President, Human Resources

Date:_____

Date: 9/17/2015

By: *[signature]* Russell
Nekia Russell

Date: 9/23/15

6 of 5